# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

S.A. Corp., d/b/a/ Vacuums Unlimited d/b/a Go Vacuum, and Chander Anand,
    Plaintiffs,

v.

Hartford Casualty Insurance Company,

    Defendant.

Case No. 1:15-cv-00071-GBL-MSN

## JOINT PROPOSED DISCOVERY PLAN

Plaintiffs S.A. Corp. and Chander Anand (collectively, the "Plaintiffs" or "S.A. and Anand") and Defendant Hartford Casualty Insurance Company (the "Defendant" or "Hartford" and, together with the Plaintiffs, the "Parties") file their Joint Planning and Scheduling Report pursuant to the Court's Order Setting Pretrial Conference (Dkt. No. 17) and in accordance with the Court's instructions at the Initial Pretrial Conference held on March 18, 2015.

### A. Pending Motions

Plaintiffs served their First Amended Complaint (Dkt. No. 4) on February 13, 2015. Plaintiffs filed their Motion for Partial Summary Judgment (Dkt. No. 5) on February 17, 2015, and Defendant filed its Motion to Dismiss Under Rule 12(b)(6) or, in the Alternative, for Summary Judgment (Dkt. No. 11) on February 24, 2015. Both motions have been set for hearing on April 24, 2015.

### B. Written Discovery

All written discovery and requests for admission permitted by Rules 33, 34, and 36 will be served such that responses are due before the close of discovery on July 10, 2015 pursuant to this Court's Order Setting Pretrial Conference (Dkt. No. 17). The Parties will each serve no more than thirty interrogatories, including parts and subparts, without leave of the Court.

### C. Subjects on Which Discovery May Be Needed

Although the Parties do not believe discovery is necessary to resolve the pending motions, the Parties will be prepared to conduct discovery on any fact issues that remain unresolved upon resolution of the pending motions, or as otherwise directed by the Court.

### D. Initial Disclosures

The Parties will exchange the disclosures required by Fed. R. Civ. P. 26(a)(1) and Local Rule 26(A)(1) within seven days of any order resolving the pending motions, if any fact issues in the case remain unresolved at that time.

### E. Disclosure or Discovery of Electronically Stored Information

At this stage in the litigation, there are no issues relating to the discovery or disclosure of electronically stored information ("ESI") that would require judicial intervention. The Parties agree that each party has the option of disclosing ESI in paper or .pdf format. In the event of any disagreement on the format of ESI, the Parties will meet and confer and, if they are unable to resolve the matter, will seek the Court's intervention. Absent the consent of either party, discovery of ESI in its native format may be required only upon a showing of good cause.

### F. Claims of Privilege

Pursuant to Fed. R. Civ. P. 26(f)(3)(D), the Parties agree to abide by Fed. R. Civ. P. 26(b)(5) when asserting and responding to a claim of privilege. The Parties further agree that, should judicial intervention regarding claims of privilege become necessary, the Parties must bring any such issues to the Court's attention with sufficient time to have the matter resolved before the close of discovery.

G.  **Protective Order**

If discovery is needed on matters that are confidential, the Parties will work cooperatively to agree on and provide to the Court a mutually acceptable proposed protective order.

H.  **Depositions**

Each party may take a maximum of five non-party, non-expert depositions, without leave of court. Each deposition shall be limited to a maximum of one day of seven hours of actual testimony, unless extended by agreement of the Parties. For party depositions, the deposition may be extended by one hour to permit the non-deposing party to elicit redirect testimony.

I.  **Expert Disclosures**

The parties will work to reach a mutually agreeable expert discovery schedule if any party thinks one is needed after the Court rules on the pending motions.

J.  **Trial Before A Magistrate Judge**

At this stage in the litigation, the Parties do not consent to a Magistrate Judge to exercise jurisdiction over this case under 28 U.S.C. § 636(c).

Respectfully submitted, this 25th day of March, 2015.

> */s/ John J. Rasmussen*
> John J. Rasmussen, VSB No. 45787
> INSURANCE RECOVERY LAW GROUP, PLC
> PO Box 8049
> Richmond, VA, 23223-0049
> Telephone: (804) 308-1359
> Facsimile: (804) 308-1349
> jjr@insurance-recovery.com
>
> *Counsel for plaintiffs*

*/s/R. Scott Caulkins*
R. Scott Caulkins, Esq., VSB No. 23584
CAULKINS & BRUCE, PC
2300 Wilson Blvd., Suite 240
Arlington, VA 22201
Telephone: (703) 558-3664
Facsimile: (703) 525-1331
scaulkins@caulkinsbruce.com

*Pro Hac Vice:*

James P. Ruggeri, DC Bar No. 431034
SHIPMAN & GOODWIN LLP
1875 K Street NW, Suite 600
Washington, DC 20006
Tel: 202-469-7750
Fax: 202-469-7751
jruggeri@goodwin.com

*Counsel for Defendant Hartford Casualty Insurance Company*