IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

S.A. CORP., et al.,                )
                                   )
            Plaintiffs,            )
     v.                            )    Civil No. 1:15-cv-071-GBL-MSN
                                   )
HARTFORD CASUALTY                  )
INSURANCE CO.,                     )
                                   )
            Defendant.             )
_____)

RULE 16(B) SCHEDULING ORDER

1. Upon consideration of the representations made by the parties at the Rule 16(b) Conference, the court makes the following rulings:

    a. **Parties shall deliver to my chambers (not to the Clerk's office) a copy of every non-dispositive motion and every document relating to such a motion within one business day of filing it.**

    b. Rule 26(a) disclosures, depositions, interrogatories, requests for documents and admissions, and answers thereto shall not be filed except on order of the court, or for use in a motion or at trial.

    c. No "general objection" may be asserted in response to any discovery demand except to preserve the attorney-client privilege and work product protection.

    d. The Rule 26(f) report filed by the parties is approved and shall control discovery to the extent of its application unless modified by the court herein or hereafter.

e. Plaintiff's Rule 26(a)(1) disclosures shall be completed by the date agreed to by the parties. This date in no way affects the discovery deadline or the final pretrial conference date already scheduled in this matter.

f. The parties do not anticipate using any expert witnesses in this case. To the extent that any party elects to present the testimony of an expert in this case, expert disclosures shall be governed by the schedule set forth in Local Civil Rule 26(D).

2. The following provisions shall apply to the filing and noticing of all motions:

a. All motions must contain a statement that a good-faith effort to narrow the area of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions. All motions must adhere to the page limits and font requirements set in Local Civil Rule 7(F)(3). An appropriate number of paper copies of any motion and all pleadings relating to that motion shall be **delivered directly to the chambers of the judge** within one day of the electronic filing. *See* "Civil and Criminal Motions Procedures and other Alexandria Specific Information" on the Alexandria page of the Court's website located at www.vaed.uscourts.gov.

b. All motions, except for summary judgment and consent motions, shall be noticed for a hearing on the earliest possible Friday before the final pretrial conference consistent with the briefing schedules discussed below. A consent motion should be filed in accordance with the procedures provided on the Alexandria page of the Court's website referenced above. Any motion to amend the pleadings or to join a party must be made as soon as possible after counsel or the party becomes aware of the grounds for the motion.

c. Dispositive motions and motions relating to patent claim construction shall be filed and briefed in accordance with the schedule set forth in Local Civil Rule 7(F)(1) and (K). Local Civil Rule 7(F)(1) provides that a responsive brief is due 11 days after **service** of the motion and a rebuttal brief may be filed 3 days after the **service** of the opposition. Unless the parties have agreed to waive the additional time provided in Fed. R. Civ. P. 6(d) for acting after electronic service, a notice of hearing for a dispositive motion must allow at least 21 days in order to allow the briefing to be completed prior to the hearing. Any dispositive motion against a *pro se* party must contain the notice set forth in Local Civil Rule 7(K) and provide the *pro se* party with at least 21 days to file a response opposing the motion.

d. In order to provide for the prompt resolution of non-dispositive matters, a non-dispositive motion may be **filed and served** by no later than 5:00 p.m. on a Friday and noticed for a hearing at 10:00 a.m. on the following Friday. Under this expedited schedule, a response must be **filed and served** by no later than 5:00 p.m. the Wednesday before the hearing and any reply should be **filed and served** as early as possible on Thursday to give the Court time to review all pleadings before the hearing. At the moving party's discretion, a non-dispositive motion may also be filed and noticed for a hearing in accordance with the briefing schedule provided in Local Civil 7(F)(1) discussed above in order to provide additional time for briefing and consideration by the Court.

e. All summary judgment issues shall be presented in the same pleading unless leave of court is first obtained. As required by Local Civil Rule 56, each brief in support of a motion for summary judgment must include a separately captioned section within the brief

3

listing, in numbered-paragraph form, each material fact that the movant contends is undisputed with appropriate citations to the record. A brief in opposition to a motion for summary judgment must include a separately captioned section within the brief addressing, in numbered-paragraph form corresponding to the movant's section, each of the movant's enumerated facts and indicating whether the non-movant admits or disputes the fact with appropriate citations to the record. The Court may assume that any fact identified by the movant as undisputed in the movant's brief that is not specifically controverted in the non-movant's brief in the manner set forth above is admitted for the purpose of deciding the motion for summary judgment.

    f. Any motion to file a document under seal, including a motion for entry of a protective order containing provisions for filing documents under seal, must comply with Local Civil Rule 5 and must be noticed for a hearing in open court. The motion must state sufficient facts supporting the action sought, and each proposed order must include specific findings. Where a party moves to file material under seal because the opposing party has designated that material as confidential, the opposing party must file a response to the motion and a proposed order that meet the requirements of Local Civil Rule 5. Only the particular material found to meet the required standard may be sealed, with the remainder filed in the public record. An unsealed, redacted version of the filing in issue shall be filed with the motion to seal. If the sealing motion is referred to the magistrate judge for hearing, and if no objection to the motion has been filed by 5:00 p.m. on the Wednesday before the Friday noticed for hearing, then the magistrate judge may cancel the hearing and decide the motion "on the papers." Filings under

seal are disfavored and discouraged.  *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575-76 (4th Cir. 2004).

3. Depositions, interrogatories, requests for documents and admissions, and answers thereto shall not be filed except on order of the court, or for use in a motion or at trial.

4. In non-jury cases, counsel shall file with the clerk at the beginning of trial written proposed findings of fact and conclusions of law.  In jury cases, instructions shall be filed five (5) days prior to trial in accordance with Local Rule 51.  Violation of this rule will constitute a waiver of objections to any instructions given.

It is so ORDERED.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

Date: March 31, 2015
Alexandria, Virginia

(rev. 5-28-14)